IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MARQUAVIOUS GARNER, # 69276,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 3:26-cv-00063 |
| | ) |
| **CHAD YOUKER,** | ) Judge Trauger |
| | ) Magistrate Judge Holmes |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Marquavious Garner, who is currently in custody of the Williamson County Jail in Franklin, Tennessee, filed a pro se complaint alleging violations of his civil rights. (Doc. No. 1). He has since filed a Motion for Leave to Amend (Doc. No. 5) and a "Supplemental Complaint and Emergency Motion for Injunctive Relief" (Doc. No. 6). The court will now address these filings and conduct initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2), 1915A.

### I.  FILING FEE

Plaintiff has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of his IFP Application, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) will be granted.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-

plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Williamson County Jail to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate

trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. MOTION TO AMEND

Plaintiff's Motion for Leave to Amend (Doc. No. 5) will be granted. The submission titled "Supplemental Complaint and Emergency Motion for Injunctive Relief" (Doc. No. 6) is now the operative complaint in this action. For ease of reference, the court will refer to this filing as "the Amended Complaint."

## III. SCREENING THE AMENDED COMPLAINT

A. <u>Screening Standards</u>

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept a plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

B. <u>Factual Allegations</u>

Plaintiff names one Defendant, Chad Youker, the Williamson County Jail Captain. (Doc. No. 6 at 1).

Plaintiff alleges that he is a pretrial detainee at the Williamson County Jail and that he is a practicing Christian. (*Id.* at 2−3). He further alleges that staff at the Williamson County Jail have seized all physical Bibles and religious texts from those incarcerated at the jail. (*Id.* at 1). While electronic versions have been made available on tablets and kiosks, jail staff sometimes restrict access to these tablets and kiosks as a form of punishment. (*Id.* at 1−2). Plaintiff also alleges that jail staff have restricted access to tablets and kiosks in retaliation for inmate grievances about the denial of physical Bibles. (*Id.* at 7).

C. <u>Analysis</u>

As explained below, Plaintiff has asserted viable claims under the First Amendment Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), as well as Tennessee law. (Doc. No. 6 at 2, 8). These claims shall proceed against Captain Youker. He has not alleged facts to support a viable First Amendment retaliation claim, so any such claim will be dismissed.

   1. *Claims to Proceed*

"The Free Exercise Clause of the First Amendment . . . provides that 'Congress shall make no law...prohibiting the free exercise [of religion].'" *Maye v. Klee*, 915 F.3d 1076, 1083 (6th Cir. 2019) (quoting U.S. Const. amend. I). "In any free exercise claim, the first question is whether the belief or practice asserted is religious in the plaintiff's own scheme of things and is sincerely held." *Id.* (quotation marks and brackets omitted). Where a plaintiff makes this threshold showing, the court must consider whether a regulation that "impinges on inmates' constitutional rights . . . is reasonably related to legitimate penological interests." *Id.* (quotation marks omitted). If not, "the inquiry ends, and the prisoner prevails." *Cavin v. Mich. Dep't of Corr.*, 927 F.3d 455, 461 (6th Cir. 2019) (citations omitted). If so, then the court balances "(1) whether the prisoner possesses alternative avenues for exercising his religion; (2) whether accommodating the prisoner

would affect 'guards and other inmates' or 'the allocation of prison resources generally'; and (3) whether 'obvious, easy alternatives' exist that suggest 'the regulation is not reasonable.'" *Id.* (quoting *Turner v. Safley*, 482 U.S. 78, 89−91 (1987)).

RLUIPA provides broader protection for the religious liberty of incarcerated individuals than the First Amendment. *Colvin v. Caruso*, 605 F.3d 282, 296 (6th Cir. 2010). To state a claim under RLUIPA, a prisoner must (1) "demonstrate that he seeks to exercise religion out of a sincerely held religious belief" and (2) "show that the government substantially burdened that religious exercise." *Cavin*, 927 F.3d at 458 (quotation marks omitted). If the prisoner satisfies these elements, then the burden shifts to the government to show "that the burden furthers 'a compelling government interest' and 'is the least restrictive means' of doing so." *Id.* (quoting 42 U.S.C. § 2000cc-1(a)).

Here, Plaintiff alleges facts from which the court may infer that he has a sincerely held belief that reading and studying the Bible is part of his religious practice. (*See* Doc. No. 6 at 2). Plaintiff also alleges facts from which the court may infer that Captain Youker created and ordered implementation of policies prohibiting inmates at the Williamson County Jail from possessing physical Bibles, and that access to electronic versions of the Bible is often restricted. (*Id.* at 1−2). A reasonable factfinder could conclude that these policies constitute a substantial burden on Plaintiff's religious practice, and that is sufficient for Plaintiff's First Amendment and RLUIPA claims to proceed past screening. *See Brown v. Page*, No. 2:20-cv-00070, 2021 WL 288754, at *3 (M.D. Tenn. Jan. 27, 2021) (finding plaintiff had stated viable First Amendment and RLUIPA claims based on restricted access to Bible). These allegations also allow the court to reasonably infer that the Williamson County Jail policies violate Tennessee's statute requiring inmate access to a Bible during non-working hours. Tenn. Code. Ann. § 41-21-211 ("Each inmate shall be

provided with a Bible, which the inmate may be permitted to peruse in the inmate's cell at such times as the inmate is not required to perform prison labor.").

Because Plaintiff alleges facts from which the Court may infer that these alleged violations were a result of official policies, his claim may proceed against Captain Youker in his official capacity, which is functionally a claim against Williamson County itself. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003). The Free Exercise and state-law claims will also proceed against Captain Youker in his individual capacity, but any individual-capacity RLUIPA claim will be dismissed. *See Haight v. Thompson*, 763 F.3d 554, 569−70 (6th Cir. 2014) (RLUIPA does not permit money damages against prison officials in their individual capacities).

2. *Claim to Be Dismissed*

To state a First Amendment retaliation claim, Plaintiff must allege facts to satisfy three elements: "*First*, that he engaged in protected conduct. *Second*, that [Defendant] took an adverse action against him. And *third*, that the adverse action was taken (at least in part) because of the protected conduct." *Hardrick v. Huss*, 155 F.4th 518, 525 (6th Cir. 2025) (citations and quotation marks omitted).

Here, Plaintiff alleges that non-Defendant individual jail staff members have sometimes restricted access to kiosks and tablets in retaliation for inmate grievances. (Doc. No. 6 at 7). However, Plaintiff does not allege facts from which the court may infer that Captain Youker was personally involved in any such action. Accordingly, he has failed to state a First Amendment retaliation claim against Captain Youker, and any such claim will be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

## IV. REQUEST FOR PRELIMINARY INJUNCTION

"The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Here, Plaintiff does not indicate that he has provided notice to Captain Youker. Accordingly, Plaintiff's Request for a Preliminary Injunction (Doc. No. 6) will be denied without prejudice.

More fundamentally, to obtain a preliminary injunction, a plaintiff must demonstrate "immediate, irreparable harm." *D.T. v. Sumner Cnty. Schools*, 942 F.3d 324, 326 (6th Cir. 2019); *see id.* at 327 ("If the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief *now* as opposed to at the end of the lawsuit."). Here, Plaintiff does not assert that he faces any immediate and irreparable injury. He has therefore failed to meet his burden for obtaining a preliminary injunction. *Memphis A. Philip Randolph Inst. V. Hargett*, 2 F.4th 548, 554 (6th Cir. 2021) ("The party seeking a preliminary injunction bears the burden of justifying such relief." (brackets and quotation marks omitted)).

## V. CONCLUSION

Plaintiff's IFP Application (Doc. No. 2) and Motion for Leave to Amend (Doc. No. 5) are **GRANTED**. Plaintiff's request for preliminary injunctive relief (Doc. No. 6) is **DENIED** without prejudice.

The court has screened the Amended Complaint and finds that Plaintiff has failed to state a viable First Amendment retaliation claim upon which relief may be granted. Any such claim is therefore **DISMISSED** for failure to state a claim upon which relief may be granted.

The Amended Complaint states viable claims under the First Amendment Free Exercise Clause, RLUIPA, and Tennessee state law. These claims **SHALL PROCEED** against Defendant

Captain Youker in his official and individual capacities, except the RLUIPA claim which shall proceed against Captain Youker in his official capacity only.

The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for Captain Youker. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of the entry of this order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed service packet, the Clerk is **DIRECTED** to issue summons to the U.S. Marshals Service for service on the Defendant. Fed. R. Civ. P. 4(b) and 4(c)(3).

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court. Despite the issuance of process, the Magistrate Judge may *sua sponte* recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).

Plaintiff is warned that this action may be dismissed if he fails to keep the Clerk's Office informed of his current address.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge