| | | |
|---|---|---|
| MARQUAVIOUS GARNER | ) | |
| | ) | |
| v. | ) | Case No. 3:26-cv-00063 |
| | ) | |
| CHAD YOUKER | ) | |

**TO: Honorable Aleta A. Trauger, United States District Judge**

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Memorandum Opinion and Order entered February 5, 2026 (Docket Entry No. 7), this *pro se* prisoner civil rights case was referred to the Magistrate Judge for pretrial proceedings.

For the reasons set out below, the undersigned respectfully recommends that Plaintiff's motion for class certification (Docket Entry No. 21) and emergency motion for a preliminary injunction (Docket Entry No. 20) be **DENIED**.

## I.  BACKGROUND

Marquavious Garner ("Plaintiff") is a former inmate of the Williamson County Jail ("Jail") in Franklin, Tennessee.[1]  On January 20, 2026, he filed this *pro se* and *in forma pauperis* lawsuit, raising civil rights claims that are based upon allegations that the Williamson County Sheriff's Office implemented a policy at the Jail on or about January 18, 2025, by which physical copies of Bibles were confiscated from inmates and the inmates were instead provided with access to an electronic copy of the Bible via electronic tablets that inmates could use during the day.  *See*

---

[1] Plaintiff filed a change of address notice on March 30, 2026, stating that his current mailing address is 1620 Lookout Ave., Memphis, TN.  *See* Docket Entry No. 16.  In a recent filing, Defendant states that the Memphis address appears to be Plaintiff's home address and that, despite filing the change of address notice, Plaintiff remained confined at the Jail until April 28, 2026, when he was transferred to federal custody.  *See* Docket Entry No. 31.  Plaintiff's current physical location is unknown.

Complaint (Docket Entry No. 1). As relief, he seeks damages and an order that inmates be provided with access to the Bible. *Id*. at 5.

Upon initial screening of the lawsuit under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court permitted the lawsuit to proceed against Jail Captain Chad Youker ("Youker"), in both his individual and official capacities, based on a claim brought under 42 U.S.C. § 1983 for religious infringement in violation of the First Amendment, a claim for violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and a claim for violation of Tenn. Code. Ann. § 41-21-211. *See* Memorandum Opinion and Order. However, the Court dismissed Plaintiff's claim for retaliation and his request for a preliminary injunction. *Id.* at 7.

In lieu of an answer, Defendant Youker has moved to dismiss the complaint. This motion (Docket Entry No. 10) is opposed by Plaintiff and will be addressed by the Court in the future. By Order entered June 3, 2026 (Docket Entry No. 34), the Court denied various motions from Plaintiff that were then pending, including several motions that had been improperly filed on his behalf by another inmate at the Jail.

## II. MOTION FOR CLASS CERTIFICATION

Plaintiff seeks an order certifying a class of plaintiffs in this case under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff contends that approximately 300 inmates at the Jail are similarly situated and are subject to the "Bible Ban" and that these individuals would all have essentially the same claims of religious infringement. Plaintiff contends that certifying a class "of Christian inmate and members of other religion or denominations who have been held at [the Jail] and subject to policy restricting access to religious books" and permitting the claims to proceed as a class action under Rule 23 is warranted. *See* Docket Entry No. 21 at 1. He contends that he satisfies all the prerequisites for class certification. Defendant opposes the motion, arguing that class

certification would be improper because Plaintiff, as a *pro se* inmate, is not an adequate representative of the proposed class, he does not properly define the proposed class, practical issues weigh against class certification, and a motion to dismiss is pending. *See* Docket Entry No. 23.

The decision of whether to grant a motion for class certification is within the broad and substantial discretion of the trial court. *Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 466 (6th Cir. 2017). Under Rule 23(a) of the Federal Rules of Civil Procedure, four prerequisites must exist for any class to be certified: 1) the class must be so numerous that joinder of all members is impracticable; 2) common questions of law or fact must be present among the class; 3) the claims of the representative party must be typical of the class; and 4) the representative party must be able to fairly and adequately protect the interests of the class. *Stout v. J.D. Byrider*, 228 F.3d 709, 716-17 (6th Cir. 2000), cert. denied, 531 U.S. 1148, 121 S.Ct. 1088, 148 L.Ed.2d 963 (2001).

Plaintiff's motion must be denied for one significant reason: he is acting *pro se*. The established law within this circuit is that a *pro se* party is not a proper representative of a class and thus cannot meet the requirement of Rule 23(a)(4). *See Hobson v. Austin*, 2021 WL 6773558, at *2 (6th Cir. Nov. 18, 2021) ("a pro se litigant is generally not permitted to serve as a class representative or to represent other litigants."); *Ziegler v. Michigan*, 90 F.App'x. 810 (6th Cir. January 23, 2004); *Palasty v. Hawk*, 15 F.App'x. 197 (6th Cir. June 20, 2001); *Howard v. Dougan*, 221 F.3d 1334, 2000 WL 876770 (6th Cir. June 23, 2000); *Hammond v. O'Dea*, 932 F.2d 968, 1991 WL 78161 (6th Cir. May 14, 1991); *Dundee v. Univ. Hosps. Corp*, 2020 WL 511520 at *1 (N.D. Ohio Jan. 31, 2020); *Mustric v. Huntington Nat'l Bank*, 2019 WL 1472095 at *2 (S.D. Ohio Apr. 3, 2019); *Myers v. Transcor Am., LLC*, 2009 WL 793752 at *1 (M.D. Tenn. Mar. 23, 2009); *Powers v. NWA, Inc.*, 2006 WL 984738 at *2 (W.D. Tenn. Apr. 13, 2006); *Collins v. Kentucky*, 2004 WL

3

3623342 at *1 (E.D. Ky. Oct. 22, 2004). Additionally, Plaintiff, as a *pro se* party, may represent himself in his own case but cannot make filings on behalf of another party. *See* 28 U.S.C. § 1654; *Freeman v. Southern Health Partners*, 2012 WL 4903376 at *2 (M.D. Tenn. Oct. 16, 2012) (Sharp, J.); *Powers*, *supra*.

Because all the prerequisites for class certification must be met for Plaintiff to succeed on his motion, the Court's conclusion that he is not an adequate class representative is determinative and requires that the motion be denied. It is thus not necessary for the Court to address any of the other prerequisites for class certification. *See Davis v. Cintas Corp.*, 717 F.3d 476, 484 (6th Cir. 2013); *Myers*, 2009 WL 793752, at *4, n.5. (M.D. Tenn. Mar. 23, 2009) ("Given the dispositive nature of the plaintiff's failure to satisfy the requirement of Rule 23(a)(4), the Court has not specifically addressed the three other requirements of Rule 23(a).").

To the extent that Plaintiff requests in his motion that the Court appoint counsel to represent him and the class, the Court finds no merit in this request. The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike in criminal proceedings, the appointment of counsel in a civil proceeding is not a constitutional right. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Willit v. Wells*, 469 F.Supp. 748, 751 (E.D.Tenn. 1977). Furthermore, Plaintiff is not entitled to the appointment of counsel merely because he filed a lawsuit while being held in custody, because he seeks the vindication of civil rights, or because has been granted *in forma pauperis* status and does not have funds to afford counsel. Although the Court has discretion in deciding whether to appoint counsel in civil cases, it is well settled that appointment should be allowed only in exceptional cases. *Lanier*, *supra*; *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993). Plaintiff has not set out circumstances that render

4

his case an exceptional case that requires the appointment of counsel.  A *pro se* litigant's lack of legal or litigation experience is not unusual and does not require the appointment of counsel.  *See Richmond v. Settles*, 450 F.App'x 448, 452-53 (6th Cir. 2011) (indigent litigant); *Debow v. Bell*, 2010 WL 5211611 at *1 (M.D. Tenn. Dec. 15, 2010) (Campbell, J.) (inmates are typically indigent and untrained).  While the Court acknowledges that it is difficult for a *pro se* party to litigate his case in the same manner as a represented party, Plaintiff has not set out circumstances that render his case an exceptional case that requires the appointment of counsel.  If further proceedings suggest that the appointment of counsel is appropriate, the Court will address the issue *sua sponte* and may reconsider the matter.

### III.  EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff seeks a preliminary injunction to "enforce" his constitutional rights and his rights under RLUIPA and other laws by requiring the Bible and other "religious books" be provided to inmates at the Jail and to bar retaliation against him at the Jail.  *See* Docket Entry No. 20 at 1 and 14.  Defendant opposes the motion, arguing that Plaintiff has not satisfied the rigorous showing required to obtain a preliminary injunction.  *See* Docket Entry No. 22.

Federal Rule of Civil Procedure 65 governs requests for a preliminary injunctions.  A preliminary injunction is considered a preventive, prohibitory, or protective measure taken pending resolution on the merits.  *See Clemons v. Board of Educ. of Hillsboro*, Ohio, 228 F.2d 853, 856 (6th Cir. 1956).  Its purpose is not to remedy an alleged wrong or to provide preemptive relief to a party but to "preserve the relative positions of the parties until a trial on the merits can be held," *EOG Resources, Inc. v. Lucky Land Mgmt., LLC*, 134 F.4th 868, 883 (6th Cir. 2025) (citing *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345-46), and is considered extraordinary relief.  *See Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471

F.2d 872, 876 (6th Cir. 1972). A request for such relief should be granted only if the movant carries a heavy burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington–Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In determining whether to grant a preliminary injunction, the Court must consider whether the movant has established: (1) a "strong" likelihood of success on the merits; (2) that he will suffer irreparable injury absent injunctive relief; (3) that the balance of the equities favors the movant because the issuance of an injunction would not cause substantial harm to others; and (4) that the public interest would be served by the issuance of the injunction. *Sisters for Life, Inc. v. Louisville-Jefferson County*, 56 F.4th 400, 403 (6th Cir. 2022); *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). Whether to grant a preliminary injunction is within the discretion of the district court. *Tenn. Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009).

Plaintiff's motion should be denied because it has become moot. The record in this case reflects that Plaintiff is no longer confined at the Jail. As such, he is no longer under the threat of any continuing injury at the Jail, he cannot show that he will suffer irreparable injury if the requested preliminary injunction is not issued, and he is unable to show that the requested preliminary injunction will actually benefit or impact him. An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot when the inmate has been released from confinement or transferred to another facility. See *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996) (same). Accordingly, Plaintiff's motion for a preliminary injunction directed at conditions at a facility where he is no longer confined must be denied for this reason alone. *See Hargrove v. Holley*, 2018 WL 7017746, at *1 (6th Cir. Oct. 17, 2018) (inmate's motion for a preliminary injunction became moot because he was released and was

no longer subject to the conditions of confinement at the facility where the injunctive relief was sought).

**R E C O M E N D A T I O N**

For the reasons set out herein, it is respectfully **RECOMMENDED** that Plaintiff's motion for class certification and for appointment of counsel (Docket Entry No. 21) and emergency motion for a preliminary injunction (Docket Entry No. 20) be **DENIED**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Three (3) additional days are added to this time for service by mail. *See* Rule 6(d) of the Federal Rules of Civil Procedure. Service is complete upon mailing. *See* Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

7
